

Judge Berman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIVE STARS GLOBAL (GROUP) LTD., Plaintiff, | '07 CIV 6696 (07 CIV. ___) |
| - against - | ECF CASE |
| SHINE STAR SEA-TRANSPORT PTE LTD., Defendant. | |

**VERIFIED COMPLAINT**

Plaintiff, FIVE STARS GLOBAL (GROUP) LTD. ("Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, SHINE STAR SEA-TRANSPORT PTE LTD. ("SHINE STAR" or "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with an address in the Marshall Islands.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address in Singapore.

4. At all material times to this action, Plaintiff was the Owner of the motor vessel "FIVE STAR UNION" (hereinafter the "Vessel").

5. At all material times to this action, Defendant SHINE STAR was the Charterer of the Vessel.

6. Pursuant to a charter party dated March 27, 2007, Plaintiff chartered the Vessel to the Defendant.

7. During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay hire due and owing to the Plaintiff under the charter party.

8. As a result of Defendant's failure to pay hire due and owing under the charter party, at present, Plaintiff has suffered damages, as best as may be presently approximated, in the principal amount of $1,702,081.19, exclusive of interest, reasonable attorney's fees and arbitration costs, all in breach of the charter party.

9. In addition, Defendant has failed to pay local port charges and sums due and owing to their local port agent, for which they are wholly liable under the charter party.

10. The Vessel was originally discharging at cargo at Jebel Ali.

11. However, as a result of Defendant's failure to pay local port charges and its local port agent, the Vessel was not allowed to complete discharging and was required to leave its berth.

12. Pursuant Clause 17 of the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English law to apply.

13. Despite due demand, Defendant has failed and/or refused to pay the amounts due and owing to Plaintiff under the charter party.

14. As a result, Plaintiff has initiated arbitration proceedings in Hong Kong against Defendant on its claims.

15. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts pursuant to the Final Arbitration Award(s):



Jul 25 07 05:44p Donald Messick 2012620309 p.6

| | | |
|---|---|---|
| A. | Principal claim: | $1,702,081.19; |
| B. | Interest on claim: 3 years at 8% - compounded quarterly | $456,569.31; |
| C. | Estimated attorneys' fees: | $200,000; and |
| D. | Estimated arbitration costs: | $75,000.00 |
| Total: | | **$2,433,650.50** |

16. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

17. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C. That since the Defendant cannot be found within this District pursuant to

Jul 25 07 05:45p Donald Messick 2012620309 p.7

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$2,433,650.50** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F. That this Court award Plaintiff its attorney's fees and costs of this action; and

G. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Jul 25 07 05:46p Donald Messick 2012620309 p.8

Dated: July 24, 2007
New York, NY

The Plaintiff,
FIVE STARS GLOBAL (GROUP) LTD.

By: ______________________
Charles E. Murphy (CM 2125)
Kevin J. Lennon (KL 5072)
Nancy R. Peterson (NP 2871)

LENNON, MURPHY & LENNON, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
cem@lenmur.com
kjl@lenmur.com
nrp@lenmur.com

Jul 25 07 05:47p Donald Messick 2012620309 p.9

## ATTORNEY'S VERIFICATION

State of New York )
) ss.: City of New York
County of New York )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: July 24, 2007
New York, NY

Charles E. Murphy

Jul 25 07 05:47p Donald Messick 2012620309 p.10